95 So.2d 399

**W. H. URBAHNS**

v.

**STATE of Alabama for Use and Benefit of BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY.**

**I Div. 695.**

Supreme Court of Alabama.

May 23, 1957.

Reuben F. McKinley, Bay Minette, for appellant.

Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellee.

GOODWYN, Justice.

The State of Alabama, appellee, brought suit in the circuit court of Mobile County, in equity, against W. H. Urbahns, appel-

lant, to establish a disputed boundary line between certain sixteenth section school lands and lands owned by Urbahns. It is obvious that the bill is brought pursuant to Code 1940, Tit. 13, § 129, Subdiv. 5, and Tit. 47, §§ 2–4.

The bill alleges that the State, before bringing this action, brought an action in ejectment against Urbahns to recover a strip of land 100 feet wide along the east line of the sixteenth section lands, the said strip having been enclosed by Urbahns as though a part of his adjoining tract of land. Judgment was there rendered in favor of the State. However, since Urbahns had enclosed the strip, negotiations were entered into between the parties prior to entering of the judgment looking to a sale of the strip to Urbahns. Sale of the strip for $75 was agreed upon, of which the judgment entry took note, and a deed in accord with the agreement was executed and delivered. It is alleged that Urbahns now claims a strip 300 feet wide to the west of the strip so conveyed to him and has interfered with turpentining operations within this tract.

An answer was duly filed and the cause was submitted on the pleadings, "statements of counsel in open Court," and "admissions of both complainants and respondent's solicitors." What these statements and admissions were is not shown by the record. The court concluded that a dispute existed as to the boundary between the parties and entered a decree appointing a surveyor to establish the boundary in accordance with the field notes of the original Government survey. The surveyor's preliminary report to the court stated that he had attempted to establish the boundary in accordance with the Government field notes, but that all of the landmarks referred to had been obliterated by the passage of time, and that the notes were impossible to follow. The court then amended its decree by striking out the requirement that the survey be made in accordance with the field notes. The surveyor then proceeded to fix the boundary according to custom by basing his survey on well-established corners. The line thus established was confirmed by the court in its final decree. The approved boundary coincided with the west boundary of the 100-foot strip conveyed to Urbahns, that is, a line 100 feet west of and parallel to the east section line as located on the ground by the surveyor.

It is from the final decree establishing the disputed boundary and from the decree overruling his motion for a new trial that Urbahns brings this appeal.

■ Appellant contends that "the court erred in permitting the appellee to sue in this cause, in that the property in question (Section 16) was conveyed by a grant of the United States to the inhabitants of such township for the use of schools and the State of Alabama had no legal authority to file this suit in its own name * * *." No authority is cited in support of this contention. Nor is any supporting argument made. The only mention of it in brief is the verbatim inclusion therein of the assignment of error. This, by no means, is a compliance with Rule 9 of the Revised Rules of Practice in the Supreme Court, 261 Ala. pp. XIX, XXII, Code 1940, Tit. 7 Appendix, Cum. Pocket Part, and must be considered as waived. However, see Code 1940, Tit. 7, § 960.

■ Appellant's next insistence is that the court erred in failing to require the survey to be made in accordance with the Government field notes. It is conceded by both parties that the disputed boundary lies 100 feet west of the east line of the sixteenth section and is parallel to the section line. Thus, the dispute in reality relates to the location on the ground of the section line.

In the absence of the field notes as a guide, it is obvious that the location of the section line could only have been established by other recognized means. The trial court did not err, in the light of these circumstances, in deleting from the decree appointing the surveyor the provision that the survey be made in accordance with the Government field notes. The argument is

that approval of the survey has, in effect, relocated the section line. We see no merit to this argument. What was done was to locate, on the ground, the section line, not to relocate or change it.

 It is further insisted that the trial court erred in failing to require the State to deposit the cost of the survey with the register (§ 10, Tit. 47) and in accepting the unsworn report of the surveyor (§ 11, Tit. 47). These requirements relate to a special procedure for the "Determination of Boundaries in Pending Suits". They have no application to the suit before us, which was brought pursuant to §§ 2 to 4, Tit. 47, supra.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.